UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                           CRIMINAL NO. 3:11-CR-102-DPJ-FKB

BERNARD LOWELL JOHNSON

ORDER

Defendant Bernard Lowell Johnson has filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).  Mot. [46].  For the reasons that follow, Johnson's motion is denied.

I.      Facts and Procedural History

On December 6, 2011, the federal grand jury indicted Johnson in a single-count indictment for bank robbery by force or violence.  Johnson pleaded guilty on March 23, 2012, and on June 11, 2012, the Court sentenced Johnson to a middle-of-the-guideline-range 170-month term of incarceration.

Johnson, a 66-year-old Black man with type 2 diabetes, hypertension, and hyperlipidemia, is currently housed at FCI Fort Dix, a low-security correctional institution in Joint Base MDL, New Jersey.  FCI Fort Dix appears to have experienced a COVID-19 outbreak.  Currently 56 of the facility's 2,535 inmates and 36 staff members have active cases of COVID-19.  To date, one inmate at FCI Fort Dix has died due to COVID-19, and 1,605 inmates have recovered from the virus.  According to the Bureau of Prisons (BOP) website, Johnson is scheduled to be released on January 14, 2024.  Johnson himself tested positive for COVID-19 on December 22, 2020, and apparently had an asymptomatic case of the virus.  But he fears he could face significant complications if he contracts COVID-19 again during his incarceration,

given his age and underlying health conditions.  So he asks the Court to modify his sentence and order his release.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Government does not dispute that Johnson exhausted as required by the statute.  So the question before the Court is whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in Jones's sentence, "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

In a slightly different context, the Supreme Court found the Sentencing Commission's applicable policy statements binding on district courts.  *See Dillon v. United States*, 560 U.S. 817, 830 (2010) (considering § 3582(c)(2), which permits a sentence reduction where the applicable guideline range has been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").  But the question is whether there is presently an applicable policy statement because "[t]he Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to

file motions for compassionate release" on their own behalves. *United States v. Woods*, No. 1:17-CR-118-LG-JCG, 2020 WL 3452984, at *2 (S.D. Miss. June 24, 2020).

Looking to those policy statements, § 1B1.13 "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'" *United States v. Dunlap*, No. 1:02-CR-165, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020) (quoting U.S.S.G. § 1B1.13(2)). The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release. Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
> (i) The defendant is suffering from a terminal illness[.]
>
> (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances --
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

It is clear the Fifth Circuit continues to consider the criteria set forth in § 1B1.13 important to the analysis of § 3582 motions, even if the policy statement is no longer binding in view of the amendment to § 3582.  The court mentioned § 1B1.13 in *United States v. Rivas*, where it held that "[t]hough *not dispositive*, we are guided in our analysis by the commentary for U.S. Sentencing Guidelines § 1B1.13."  No. 20-10360, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020) (citing *United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. 2020)).  The *Rivas* court affirmed the trial court's decision to deny relief because the defendant's evidence failed to satisfy § 1B1.13.  *Id.* at 3.

A subsequent panel cited *Rivas* in a published opinion and confirmed that § 1B1.13, even if no longer binding, provides appropriate guidance.  In *United States v. Thompson*, the court affirmed the denial of a § 3582 motion, noting that "[a]lthough not dispositive, the commentary to the United States Sentencing Guidelines . . . § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."  984 F.3d 431, 433 (5th Cir. 2021) (citing *Rivas*, 2020 WL 6437288, at *2).[1]  So "[r]egardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release."  *Woods*, 2020 WL 3452984, at *2.

Johnson does not suggest that his underlying medical conditions, separately or taken together, fit within Application Note 1(A), and he never references Application Note 1(C). While he outlines the requirements of Application Note 1(B), he does not argue that he is

---

[1] As to the application of Application Note 1(D), the *Thompson* court "recognize[d] and opt[ed] not to weigh in on the split of authority as to whether th[e] catch-all provision delegates only to the Bureau of Prisons—and not the courts—the task of identifying 'other reasons' justifying [a sentence modification.]"  984 F.3d at 433 n.4.

4

suffering from an aging-related deterioration in his health. So the Court construes his motion as asserting that the threat of a second COVID-19 infection alone, given his underlying health conditions, constitutes an extraordinary and compelling reason for a sentence modification.

Starting with Johnson's fear of reinfection, the CDC's current guidance provides that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." Centers for Disease Control, Reinfection with COVID-19, available at https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020). Assuming Johnson were among the rare individuals who suffer reinfection, the CDC has indicated that adults with type 2 diabetes mellitus "**are at increased risk** of severe illness from the virus that causes COVID-19." Centers for Disease Control, Coronavirus Disease 2019, People at Increased Risk, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Feb. 3, 2021) (emphasis in original). And adults with hypertension "**might be at an increased risk** for severe illness from the virus that causes COVID-19." *Id.* (emphasis in original). Finally, "[c]ompared to younger adults," adults between the ages of 65 and 74 are five times more likely to be hospitalized and 90 times more likely to die if they contract the virus. Centers for Disease Control, People at Increased Risk, Older Adults, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020).

Balancing the low risk of reinfection against Johnson's increased risk for severe illness were he to contract COVID-19 again, the Court finds that Johnson has not presented an

extraordinary and compelling reason to grant release. Even if he did, a number of courts have rejected the argument that the potential increased risk justifies a sentence modification. *See United States v. Chambers*, No. 18-47, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (collecting cases). Were Johnson correct that his medical conditions entitle him to compassionate release, every inmate with an underlying condition that might lead to an increased risk for complications in the event of a COVID-19 infection would present extraordinary and compelling reasons for a sentence modification.

Nor has Johnson shown that his risk of contracting COVID-19 while housed at FCI Fort Dix is markedly higher than his risk would be if released. The Court has no way to predict what the infection rate at FCI Fort Dix or in Mississippi will be once Johnson's immunity wears off and he is susceptible to reinfection. And as the Government details in its response, BOP has begun its own deployment of recently available COVID-19 vaccines. *See* Gov't's Resp. [51] at 5–6.

Moreover, the § 3553(a) factors do not support a sentence modification. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]

. . . .

(5) any pertinent policy statement . . . [;]

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

With a projected release date in January 2024, Johnson has served nearly 80% of the sentence the Court originally considered appropriate under the § 3553(a) factors. But the application of those factors has not changed. First, the Court must consider the nature and circumstances of the offenses and the history and characteristics of the defendant. At the time he was convicted, Johnson was in criminal-history category VI, the highest category, due to his status as a career offender. *See* PSR [24] ¶ 48. The Government's response details Johnson's criminal history:

> Disregarding the juvenile record, Johnson was convicted of robbery, petty theft, and receiving stolen property at the age of 18 in California. At 19 it was possession of marijuana, at 20, battery, burglary, receiving stolen property, and then another robbery prior to turning 21 years of age. At 21 he was convicted of receiving stolen property, forgery, and possession of bad checks and money orders. Before he could turn 22, Johnson was again charged and convicted of robbery[] and possession of heroin with intent to sell. At the age of 23, another conviction for robbery, and at 24 he was charged and convicted of grand theft, robbery, auto theft, and receiving stolen property. In 1982, at the age of 27, Johnson was convicted on 7 counts of bank robbery for robbing 7 banks during the period December 15, 1981 to February 15, 1982. Upon his parole [in 1993], the defendant absconded two separate times, and at the time of the latter in 1995, Johnson began robbing banks yet again in California. In 2008 he was paroled and revoked, and then paroled again in July 2010 to live with a sister in Lena,

>   Mississippi.  Johnson was under supervision in the Southern District of
>   Mississippi when he committed his last bank robbery . . . .

Gov't's Resp. [51] at 11–12 (citing PSR [24] at 8–11).  The history and characteristics of the defendant justified the middle-of-the-guideline-range sentence imposed in 2012, and that § 3553(a) factor justifies requiring Johnson to serve the remainder of the original sentence.  None of the other § 3553(a) factors demonstrate a modification to Johnson's sentence is warranted.[2]  Stated simply, the original sentence was a just punishment and was required to promote respect for the law while providing deterrence.  Those factors have not changed.  Johnson has not shown he is entitled to compassionate release.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Johnson's Motion for Compassionate Release [46] is denied.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2021.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Johnson acknowledges the § 3553(a) factors but does not explain how any of them apply in his case.  Def.'s Reply [57] at 9.