UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:11-CR-102-DPJ-FKB

BERNARD LOWELL JOHNSON

ORDER

Defendant Bernard Lowell Johnson asks the Court to reconsider its previous denial of his motion for compassionate release. For the following reasons, Johnson's motion [62] is denied.

I.  Facts and Procedural History

Johnson is currently serving 170 months in federal prison for bank robbery. Fearing he might contract COVID-19 for a second time if he remained incarcerated, Johnson moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) on January 4, 2021.[1] Mot. [46]. Because the Court found Johnson had not demonstrated extraordinary and compelling reasons to justify a sentence modification, it denied his motion on February 16, 2021. *See* Order [61].

Johnson moved for reconsideration on March 8, 2021. In his motion, Johnson argues that a spike in cases at the facility at which he is housed makes his situation extraordinary and compelling considering his age and comorbidities. He likewise believes the Court misapplied the applicable standards and failed to properly weigh his circumstances. The Government responded in opposition to Johnson's motion; Johnson filed no reply.

II.  Standard

"The Fifth Circuit recognizes that, although there is no authority in the Federal Rules of Criminal Procedure for a 'motion for reconsideration,' its use has been 'repeatedly and expressly

---

[1] Johnson tested positive for COVID-19 in December 2020 and had an asymptomatic case of the virus.

sanctioned' by the Supreme Court." *United States v. Presley*, No. 5:12-CR-2-DCB-FKB, 2013 WL 1980388, at *2 (S.D. Miss. May 13, 2013) (quoting *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)). "Motions to reconsider in criminal cases are treated like motions to reconsider in civil suits," and "[g]enerally, courts apply the standards of Rule 59(e) of the Federal Rules of Civil Procedure." *Id.*

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

III.    Analysis

As an initial point, Johnson believes the Court misapplied the applicable law and concluded that it could not vary from U.S.S.G. § 1B1.13, Application Note 1. *See* Def.'s Mot. [62] at 2. When the first Order [61] was entered, the Fifth Circuit had not firmly decided whether § 1B1.13 is the applicable guideline section. At most, the appellate court had held that "[a]lthough not dispositive, the commentary to the United States Sentencing Guidelines . . . § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020)). This Court therefore concluded that though not binding, § 1B1.13 "provides helpful guidance." Order [61] at 4 (quoting *United States v. Woods*, No. 1:17-CR-118-LG-JCG, 2020 WL 3452984, at *2 (S.D. Miss. June 24, 2020)).

After the Court ruled—and after Johnson filed his motion for reconsideration—the Fifth Circuit held in *United States v. Shkambi* that § 1B1.13 is not the "applicable policy statement[ ]"

2

for compassionate-release motions filed by prisoners and that presently there is no applicable policy statement. 993 F.3d 388 (5th Cir. 2021). That holding tracks this Court's conclusion that the section is not binding, and *Shkambi* did not attempt to overrule those earlier panels that found § 1B1.13 "informs our analysis." *Thompson*, 984 F.3d at 433. Notably, several district courts have continued to follow *Thompson* and *Rivas* after *Shkambi*. *See, e.g.*, *United States v. May*, No. 4:18-CR-199(2), 2021 WL 1572655, at *3 (E.D. Tex. Apr. 20, 2021). In sum, this Court did not view § 1B1.13 as binding when it denied Johnson's first motion, though it did conclude that the section provided guidance. That holding has not been abrogated.

Johnson's other arguments largely re-urge positions he made in his initial motion, but with more up-to-date information about "the increased number of cases [of COVID-19] at his facility." Mot. [62] at 3. When the Court denied Johnson's initial motion on February 16, 2021, "56 of the facility's 2,535 inmates and 36 staff members ha[d] active cases of COVID-19." Order [61] at 1. As of March 7, 2021—the day before he sought reconsideration—those numbers remained high, with "52 inmates and 39 staff members" having COVID-19 infections. Mot. [62] at 3. But since then, the facility has gotten things under control; as of May 19, 2021, the BOP website reports no active cases of COVID-19 among inmates or staff. *See* COVID-19 Coronavirus, bop.gov/coronavirus/ (last accessed May 19, 2021).

Nothing about the number of COVID-19 cases at Johnson's facility since the Court denied his initial motion demonstrates the Court made a manifest error of law or fact, and Johnson has not shown that he faces a significant risk of re-infection. The Court still finds Johnson has not presented extraordinary and compelling reasons to justify a sentence modification.[2]

---

[2] Johnson again emphasizes his age and the fact that he has served more than 80% of his sentence. Mot. [62] at 3, 4. The Court considered these factors when it denied Johnson's initial

3

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Johnson's Motion for Reconsideration [62] is denied.

**SO ORDERED AND ADJUDGED** this the 19th day of May, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

motion. Order [61] at 1, 5, 7. They do not alter the result. That said, the Court wonders whether Johnson's age, medical conditions, and time served might raise a right to relief consistent with Application Note 1(B) of U.S.S.G. § 1B1.13. Johnson has never directly asserted this argument in this Court, and it is unclear whether he exhausted it with BOP. *See Rivas*, 833 F. App'x at 558 (declining to address new arguments on appeal from denial of § 3582(c)(1)(A) motion because inmate "was required to exhaust these two new arguments by filing a request with the BOP"). If he has not exhausted the argument, he may wish to do so. Even if he has, the Court has additional questions and would need more information and briefing before ruling.